UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL COMMUNICATIONS COMM'N, )<br>)<br>Defendant. ) | Civ. Action No. 07-2092 (JR) |

**PLAINTIFF'S MOTION FOR A *VAUGHN* INDEX**

Plaintiff Institute for Public Representation hereby moves this Court for an Order directing defendant Federal Communications Commission to submit within thirty days an itemized index prepared in accordance with *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), describing each responsive record, or segregable portion thereof, withheld by defendant, identifying the FOIA exemption or exemptions defendant claims justifies the withholding, and providing a detailed explanation of why each claimed exemption authorizes the withholding.

Submitted in support of this motion are a memorandum of law and a proposed order.

Respectfully submitted,

_____
David C. Vladeck (DC Bar No. 945063)
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9540
Email: vladeckd@law.georgetown.edu

February 19, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL COMMUNICATIONS COMM'N, )<br>)<br>Defendant. ) | Civ. Action No. 07-2092 (JR) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR A *VAUGHN* INDEX**

This memorandum is submitted in support of plaintiff's motion for a *Vaughn* index. The plaintiff in this action, the Institute for Public Representation (IPR), is a non-profit legal clinic at Georgetown University Law Center. It filed this action after the defendant, the Federal Communications Commission (FCC), denied its August 2006 FOIA request seeking information compiled by FCC for the agency's localism initiatives[1] and the media ownership rules.[2] IPR represents non-profit organizations that have an interest in these FCC proceedings. The FCC responded by letter dated January 4, 2007 and provided copies of some responsive records. But the FCC also identified 1,400 pages of other responsive records that the agency withheld in their entirety, claiming that the records are exempt under FOIA Exemptions 4 and 5. *See* 5 U.S.C. § 552(b)(4), (5).

---

[1] Report on Broadcast Localism and Notice of Proposed Rulemaking (MB Docket No. 04-233), December 18, 2007. *See* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-07-218A1.doc.

[2] *2006 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order and Order on Reconsideration, MB Docket Nos. 06-121, 02-277, 01-235, 01-317, 00-244, 04-228, and 99-360, released February 4, 2008 ("2008 Order"). *See* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-07-216A1.doc.

More than thirty-five years after the court of appeals decided *Vaughn v. Rosen*, the *Vaughn* index remains an indispensable tool in FOIA litigation. *See generally Judicial Watch v. FDA*, 449 F.3d 141 (D.C. Cir. 2006); *Carter, Fullerton & Hayes LLC v. FTC*, 520 F. Supp. 2d 134 (D.D.C. 2007); *Morley v. CIA*, 508 F.3d 1108 (D.C. Cir. 2007). After all, "the agency alone possesses, reviews, discloses, and withholds the subject matter of the request," *Judicial Watch*, 449 F.3d at 146, which gives the agency a monopoly on the information relevant to the litigation. A *Vaughn* index restores some degree of adverseness to FOIA litigation because it "assist[s] both courts and requesters in reviewing the validity of an agency's decision to withhold documents." *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 111 (D.D.C. 2002).

Requiring the FCC to submit a *Vaughn* index in this case would serve to illuminate the basis for FCC's claim that the 1,400 pages of documents withheld from IPR are lawfully exempt from disclosure under FOIA. A *Vaughn* would also afford IPR "'a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the [FCC's]withholding.'" *Id.* at 111 (quoting *King v. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987)).

Although there is no hard-and-fast rule about how an agency must prepare a *Vaughn* index, it is settled that the agency "must provide a 'relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" *Carter, Fullerton & Hayes LLC*, 520 F. Supp. 2d at 142 (quoting *Mead Data Central, Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)). The court of appeals has also made clear that a *Vaughn* index (1) should be a single, self-contained

document, (2) must adequately describe each withheld document and each deletion from released documents, and (3) must state the particular FOIA exemption claimed for each deletion and each segregable portion of each withheld document, and explain why the exemption applies. *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

A *Vaughn* index will be particularly useful in this case because thus far FCC has described the 1,400 pages withheld in only the broadest, most generic terms. Only by providing IPR with a document-specific index can IPR assess whether the FCC's exemption claims may be valid, whether IPR is interested in pursuing its claims for records that do not appear to be properly withheld, and whether the records would be of value to IPR's clients. As noted above, the FCC's localism and media ownership proceedings are ongoing, and the requested records may be especially useful for public participation in these proceedings. It is therefore essential that IPR be provided with a *Vaughn* index in order to move this litigation ahead.

## CONCLUSION

For the foregoing reasons, plaintiff's motion should be granted.

Respectfully submitted,

/s/

David C. Vladeck (D.C. Bar No. 945063)
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9540
email: vladeckd@law.georgetown.edu
Attorney for Plaintiff

February 19, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION,<br>        Plaintiff,<br><br>        v.<br><br>FEDERAL COMMUNICATIONS COMM'N,<br><br>        Defendant. | )<br>)<br>)<br>)   Civ. Action No. 07-2092 (JR)<br>)<br>)<br>)<br>) |

### [PROPOSED] ORDER

Upon consideration of plaintiff's motion for a *Vaughn* index, the memorandum submitted in support thereof, and the entire record herein, it is this ____ day of _____, 2008, hereby

ORDERED that, within thirty days of the date of this Order, defendant Federal Communications Committee shall provide plaintiffs an index prepared in conformity with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), describing any responsive record, or segregable portion thereof, withheld by defendant, identifying the FOIA exemption or exemptions defendant claims justifies the withholding, and providing a detailed explanation of why each claimed exemption authorizes the withholding.

_____
UNITED STATES DISTRICT JUDGE