UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>Defendant,<br><br>- and -<br><br>BIA Financial Network, Inc.<br>15120 Enterprise Court<br>Chantilly, VA  20151<br><br>Applicant for<br>Intervention as Defendant. | Civil Action No. 07-2092 (JR) |

**MOTION OF BIA FINANCIAL NETWORK, INC.
FOR LEAVE TO INTERVENE AS DEFENDANT**

BIA Financial Network, Inc. ("BIA*fn*") hereby moves, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene in this matter as a defendant. Certain documents and records that plaintiff Institute for Public Representation ("IPR") seeks to obtain through the Freedom of Information Act ("FOIA") include data that is the copyrighted property of BIA*fn*, licensed to the Federal Communications Commission ("FCC") pursuant to a software and data license that imposes strict limits on the FCC's right to transfer the data to others. BIA*fn* thus has an overriding interest in preventing the disclosure of its data, which is one of the objects of IPR's Complaint.

BIA*fn* is entitled to intervene as of right, pursuant to Rule 24(a), to protect the information at issue from disclosure. In the alternative BIA*fn* should be granted permissive intervention under Rule 24(b), as it seeks to raise questions of law in common with issues already presented in the case, and BIA*fn*'s participation will not unduly delay the proceedings or cause prejudice to any party.

Pursuant to Local Rule 7(m), counsel for BIA*fn* has consulted with the parties concerning this motion. Counsel is authorized to state that the Defendant consents to this motion; also, Plaintiff's counsel indicated it was unlikely to oppose the motion.

In addition, pursuant to Local Rule 7(c) and 7(j), BIA*fn* is submitting a Memorandum of Points and Authorities in Support of the Motion to Intervene, and a proposed Order granting intervention. Additionally, BIA*fn* is attaching its Answer to the Complaint, BIA*fn*'s Certificate Required by Local Rule 7.1, BIA*fn*'s Motion for Summary Judgment and accompanying Memorandum in Support, Declaration of Mark R. Fratrik, Statement of Material Facts As To Which There Is No Genuine Issue, and a proposed Order granting Summary Judgment.

Wherefore, BIA*fn* submits that the Court should grant BIA*fn* intervenor status as a defendant and direct the Clerk of the Court to file BIA*fn*'s proposed Answer and its Motion for Summary Judgment and the supporting papers which are attached hereto.

| | |
|---|---|
| May 30, 2008 | Respectfully submitted. |
| | /s/ John H. Korns |
| | John H. Korns          (DC Bar #142745) |
| | BUCHANAN INGERSOLL & ROONEY PC |
| | Suite 300 |
| | 1700 K Street, NW |
| | Washington, DC 20006-3807 |
| | Direct:   (202) 452-7939 |
| | General: (202) 452-7900 |
| | Fax:      (202) 452-7989 |
| | E-Mail:  john.korns@bipc.com |
| | *Counsel for BIA Financial Network, Inc.* |

#331545-v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION, <br><br> Defendant, <br><br> - and - <br><br> BIA Financial Network, Inc. <br> 15120 Enterprise Court <br> Chantilly, VA  20151 <br><br> Applicant for Intervention as Defendant. | Civil Action No. 07-2092 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF
BIA FINANCIAL NETWORK, INC.
FOR LEAVE TO INTERVENE AS DEFENDANT**

BIA Financial Network, Inc. ("BIA/*fn*") hereby submits this Memorandum of Points and Authorities in Support of its Motion for Leave to Intervene as a Defendant.

As explained in more detail in the submissions of Plaintiff Institute for Public Representation ("IPR") and of Defendant Federal Communications Commission ("FCC"), Plaintiff filed a FOIA request with the FCC for certain types of materials. The FCC provided certain materials in response to that FOIA request but denied access to other materials. Among the materials to which the FCC denied access were data downloaded by FCC staff from certain

databases. These databases were copyrighted and were owned by private, commercial companies. The FCC had the right to access these databases pursuant to license or other agreements between their owners and the FCC.

Movant BIA*fn* is the owner of one of those databases from which FCC staff -- pursuant to a software and data license agreement between BIA*fn*[1] and the FCC -- downloaded BIA*fn* data (reflected in spreadsheets and in staff memoranda analyzing and applying such data). The FCC denied IPR's FOIA request for BIA*fn*'s data on the ground that FCC access to and use of this data is governed by a licensing agreement that precludes release of the data pursuant to a FOIA request. This BIA data is among the materials which Plaintiff seeks in this lawsuit.

BIA*fn* seeks to intervene as a Defendant in order to oppose Plaintiff's attempt to obtain a legal ruling that it is entitled to obtain BIA data pursuant to FOIA. BIA*fn* seeks to intervene for the following reasons: (a) Only BIA*fn* is in a position to present to the Court the full picture regarding its business, the substantial prices it charges for licensing access to and use of its copyrighted data, and the substantial damage that would be caused to its business by a ruling that members of the public could obtain through FOIA requests -- at zero or minimal cost -- copies of its valuable data; (b) It is important to demonstrate to the Court that BIA*fn* cares about maintaining the confidentiality of its data and that BIA*fn* supports the FCC's position; and (c) It is important to demonstrate that the legal principles asserted by the FCC apply to BIA's copyrighted data made available to the FCC pursuant to a licensing agreement.

---

[1] In 1996, when the FCC first contracted for an annual license to use the data regarding the broadcasting and communications industries, it contracted with BIA Publications, Inc. Subsequently, that corporation was merged into another which merged into BIA*fn*. Pursuant to Virginia Code Ann §13.1-721(A)(3) (Michie 1999), this vested all the assets and contracts of BIA Publications Inc. in BIA*fn* without impairment, including the BIA Publications Inc. Software License Agreement, which Agreement specified that it would "remain in effect throughout all renewal periods." In this Memorandum, the term "BIA" will be used to cover both BIA Publications and BIA*fn*. BIA's copyrighted software for accessing and analyzing its copyrighted data earlier called MasterAccess is more recently called Media Access Pro.

- 2 -

Counsel for the FCC has consented to BIA's motion to intervene; counsel for Plaintiff has indicated that it would not likely oppose BIA's motion to intervene.

## FACTUAL BACKGROUND

BIA*fn* is a commercial Virginia corporation the business of which is gathering and updating an extensive variety of data regarding radio and television stations and newspapers, and making this copyrighted data available to clients, for a very substantial price, pursuant to software and data licensing agreements.

These data are quite valuable to those having a need for them. BIA*fn* does not give such data away for free or make them available to the public. BIA*fn* has less than 400 annual licensees for these data. BIA*fn* charges its clients substantial fees for annual licenses that vary according to the number of media (among radio, TV and newspaper) for which data are provided and the number of users entitled to access the data at any one time.

Since 1996, BIA has licensed its software and its radio, television and newspaper data bases to the FCC for multiple FCC users to access and use, subject to the software and data license agreement attached to Mr. Perko's Declaration as Exhibit H ("the License Agreement"). For the license to the FCC for one year beginning March 1, 2006, permitting 50 FCC users at any one time to access its software and its data for radio, TV and newspaper, BIA*fn* charged the FCC more than $25,000.

Even access and use of a one-time dump of non current BIA data is quite valuable. For instance, over the past two years, BIA*fn* has licensed use of one-time dumps of certain historical data to at least ten entities (mostly academic institutions) regarding either one medium (e.g. radio only, or television only) for charges between $3,000 and $5,000, or all three media (radio, TV and newspaper) for charges between $8,000 and $10,000.

All of these transactions have been pursuant to written agreements in which BIA*fn* licensed to the client use of its software and specifically defined sets of data, specifying that the software and the data are copyrighted and limiting what the licensee may properly do with the software and data.

The License Agreement between BIA and the FCC provides "The initial term of this agreement will be one year from the date below, however, all terms and conditions will remain in effect throughout all renewal periods that extend beyond the first year." In return for payments of substantial sums, BIA has renewed the FCC's license each year since then, and therefore the terms of this license agreement continue to govern the extent and limits of the FCC's rights and obligations.

The Licensing Agreement restricts the FCC as follows:

> YOU MAY NOT . . . transfer, . . . or grant any rights in this program, data or accompanying documentation in any form, to any person, except as provided above.

And it also provides the following permission and restrictions on the FCC:

> YOU MAY distribute the results of your research . . . to clients . . .
>
> YOU MAY NOT make copies of the . . . data for the purposes of . . . mass distribution to anyone not associated with you, the licensee.
>
> YOU MAY NOT distribute the . . . data files to clients or anyone not directly affiliated with you, the licensee, for the purpose of allowing them to conduct their own searches.

The license nowhere provides that the FCC as a licensee may transfer BIA's licensed data to members of the public.

And, in the license, the FCC "agree[d] to use reasonable efforts to protect the software and data from unauthorized use, reproduction, distribution or publication." Thus the license requires the FCC to treat the BIA data as proprietary and confidential.

The records at issue, according to Mr. Perko's declaration, include BIA-licensed data copied to spreadsheets -- containing information on broadcast stations, including their ownership, market position, audience, and ratings -- which were accessed and obtained by FCC staff members from BIA's software and data disk and the internet, and such data incorporated in FCC memoranda which apply and analyze factual data from several proprietary sources. As acknowledged by the FCC, these data are covered by the BIA license and copyright, and by the specific prohibition on transfer of, and on granting any rights in, BIA's data absent BIA consent. Providing such data to Plaintiff pursuant to Plaintiff's FOIA request is not permitted by any exception in the license, and thus providing such data to Plaintiff would violate BIA's rights under the license and copyright.

Further, even if there were no license agreement and the data were merely copyrighted, there would still be no basis under which the FCC could provide the data to Plaintiff pursuant to FOIA. Such disclosure would not constitute "fair use" of the data. Ordering the FCC to disclose BIA data pursuant to FOIA would constitute disclosure of BIA data to the world because, if a party can obtain such data pursuant to FOIA, then such party may do anything with the data it wishes (including further distribution) and every other person can also obtain the data pursuant to FOIA. Such disclosure to Plaintiff would deprive BIA*fn* of a valuable potential for sale of rights to use BIA's data pursuant to license.

Further, such disclosure pursuant to FOIA would seem to establish a rule that anyone could obtain any of BIA's licensed data from the FCC with a FOIA request. Given the substantial value of such data, it could be expected that others desiring to obtain BIA's data without paying BIA*fn*'s price would simply use FOIA as a mechanism to do so. While FOIA may

be a slow process, given the value of the data it can be anticipated that others would resort to FOIA to obtain BIA data without paying BIA.

BIA*fn* is not obligated to license its data to the FCC. It does so as a commercial matter. If BIA's data in the hands of the FCC could be obtained by members of the public pursuant to FOIA, in order to prevent the undermining of its market BIA*fn* would be required to stop licensing its data to the FCC. That would cause significant harm to the FCC because the FCC makes substantial use of BIA data in doing its work, and the absence of such data would harm the FCC's ability to carry out its statutory missions.

If Plaintiff wishes access to the data, BIA*fn* will be pleased to license access and use of such data to Plaintiff pursuant to the same license terms, and at a price comparable to what BIA charges others for licenses for comparable data.

## ARGUMENT

Submitters of information at issue in Freedom of Information Act cases are routinely permitted to intervene to protect their interests. *See, e.g., Center for Public Integrity v. Federal Communications Comm'n*, 505 F.Supp.2d 106, 108-09 (D.D.C. 2007); *Public Citizen, Inc., v. Mineta*, 427 F. Supp.2d 7, 9 (D.D.C. 2006), *amended dec.*, 444 F. Supp.2d 12 (D.D.C. 2006); *Parker v. Bureau of Land Mgmt.*, 141 F. Supp.2d 71, 74 (D.D.C. 2001); *Center for Auto Safety v. Nat'l Highway Safety Admin.*, 93 F. Supp.2d 1, 3 (D.D.C. 2000), *affirmed in part and reversed in part on other grounds*, 244 F.3d 144 (D.C. Cir. 2001); *Allnet Communication Servs., Inc. v. FCC*, 800 F. Supp. 984, 985-986 (D.D.C. 1992); *Durnan v. United States Dep't of Commerce*, 777 F. Supp. 965, 966 (D.D.C. 1991); *Airline Pilots Ass'n, Int'l v. FAA*, 552 F. Supp. 811, 812-813 (D.D.C. 1982); *see also* 1 James T. O'Reilly, *Federal Information Disclosure*, §10.30 at 435

(3d ed. 2000) ("Intervention is allowed by an individual or by a firm which seeks to have private interests recognized in the agency's disclosure decision.") (footnote omitted).

Intervention may be obtained as a matter of right, pursuant to Fed. R. Civ. P. 24(a), which, in pertinent part, provides:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

BIA*fn*'s application for intervention is timely: BIA*fn* learned of this litigation only recently. The FCC filed its Motion for Summary Judgment on May 9, 2008, and we understand that IPR has until June 20, 2008 to file its response/reply to the FCC's Motion for Summary Judgment. Accordingly, we submit that BIA*fn*'s Motion to Intervene is timely and that permitting this intervention will not unduly delay proceedings.

BIA*fn* has a strong interest in protecting its copyrighted data, the access to and use of which was licensed to the FCC subject to the limitations specified in the License Agreement.

The disposition of this matter also may, as a practical matter, impair or impede the ability of BIA*fn* to protect its interests. A determination by the Court to require the FCC to disclose BIA data -- which are copyrighted and the use of which was licensed to the FCC subject to strict limitations on disclosure -- would injure BIA*fn* by reducing its ability to sell license rights to access and use its data, by making such data available for free. Further, it would likely lead BIA*fn* to refuse to continue licensing such data to the FCC in the future, in order to protect the value of the data it collects and makes available.

In the alternative, BIA*fn* should be granted leave to intervene by permission, pursuant to Fed. R. Civ. P. 24(b). Rule 24(b) provides, in pertinent part:

> Upon timely application, anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

BIA*fn* seeks leave to intervene to defend the confidentiality of its licensed, copyrighted data at issue in this case, access to and use of which was granted to the FCC under a software and data licensing agreement between BIA and the FCC that strictly limited what the FCC could do with the data and prohibited disclosing the data to the public. BIA*fn*'s defenses and the "main action" clearly have questions of law and fact in common.

As noted above, this Motion for Leave to Intervene is timely, and BIA*fn*'s intervention would not prejudice the adjudication of the rights of the original parties.

## CONCLUSION

Therefore, BIA*fn* submits that the Court should grant BIA*fn* intervenor status as a defendant and direct the Clerk of the Court to file BIAfn's proposed Answer and its Motion for Summary Judgment and supporting papers, which are attached hereto.


May 30, 2008                             Respectfully submitted,


                                         /s/ John H. Korns
                                         John H. Korns          (DC Bar #142745)
                                         BUCHANAN INGERSOLL & ROONEY PC
                                         Suite 300
                                         1700 K Street, NW
                                         Washington, DC 20006-3807
                                         Direct:   (202) 452-7939
                                         General:  (202) 452-7900
                                         Fax:      (202) 452-7989
                                         E-Mail:   john.korns@bipc.com

                                         *Counsel for BIA Financial Network, Inc*

#331548-v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day May, 2008, I served by email and first-class mail, postage prepaid the foregoing Motion of BIA Financial Network, Inc., for Leave to Intervene as Defendant, and a Memorandum of Points and Authorities In Support Of Motion of BIA Financial Network, Inc., for Leave to Intervene as Defendant, and a proposed Order with the Clerk of the Court, attaching BIA*fn*'s Answer to the Complaint, and Certificate Required by Local Rule 7.1.

> David C. Vladeck
> Georgetown University Law Center
> 600 New Jersey Avenue, NW
> Room 312
> Washington, DC 20001
>
> Email:  vladeckd@law.georgetown.edu
>
> Judith A. Kidwell
> U.S. Attorney's Office
> 555 Fourth Street, NW
> Room 4818
> Washington, DC 20530
> Email:  judith.a.kidwell@usdoj.gov

May 30, 2008                               Respectfully submitted.

> /s/ John H. Korns
> John H. Korns                    (DC Bar #142745)
> BUCHANAN INGERSOLL & ROONEY PC
> Suite 300
> 1700 K Street, NW
> Washington, DC 20006-3807
> Direct:   (202) 452-7939
> General:  (202) 452-7900
> Fax:      (202) 452-7989
> E-Mail:   john.korns@bipc.com
>
> *Counsel for BIA Financial Network, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, ) ) ) ) Plaintiff, ) ) v. ) ) FEDERAL COMMUNICATIONS ) COMMISSION, ) ) Defendant, ) ) - and - ) ) BIA Financial Network, Inc. ) 15120 Enterprise Court ) Chantilly, VA  20151 ) ) Applicant for ) Intervention as Defendant. ) ) | Civil Action No. 07-2092 (JR) |

### ORDER GRANTING MOTION OF BIA FINANCIAL NETWORK, INC. FOR LEAVE TO INTERVENE AS DEFENDANT

This matter having come before the Court on the motion of BIA Financial Network, Inc. ("BIA*fn*"), for leave to intervene as a defendant, and the Court having reviewed BIA*fn*'s motion, accompanying statement of points and authorities, and Answer, and it appearing to the Court that BIA*fn* is entitled to become a party and should be permitted to intervene, it is hereby ORDERED:

1. That BIA*fn*'s motion for leave to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, and participate fully in the action as a defendant is GRANTED; and

2. That, the Clerk of the Court is hereby directed to file BIA*fn*'s proposed Answer and its Motion for Summary Judgment and supporting papers, which were attached to its Motion to Intervene.

Dated this _____ day of _____, 2008

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION, <br><br> Defendant, <br><br> - and - <br><br> BIA Financial Network, Inc. <br> 15120 Enterprise Court <br> Chantilly, VA 20151 <br><br> Applicant for <br> Intervention as Defendant. | Civil Action No. 07-2092 (JR) |

## BIA FINANCIAL NETWORK INC.
## ANSWER TO COMPLAINT

Intervenor Defendant BIA Financial Network, Inc. ("BIA*fn*"), by and through its undersigned counsel, answers plaintiff's Complaint as follows:

Without waiving any defenses and/or objections, and in response to the numbered paragraphs in plaintiff's Complaint, defendant BIA*fn* responds as follows:

1.  This paragraph contains plaintiff's characterization of its Complaint and/or conclusions of law to which no response is required. To the extent that a response is deemed required, defendant BIA*fn* denies the allegations contained in this paragraph.

2.  This paragraph contains conclusions of law to which no response is required.

3. Defendant BIA*fn* lacks information sufficient to form a belief regarding the allegations contained in this paragraph.

4. Defendant BIA*fn* admits the allegations contained in the first sentence of this paragraph. With respect to the second sentence, defendant BIA*fn* admits that defendant FCC has physical possession of the records identified in defendant FCC's Media Bureau's January 4, 2007, FOIA decision and referenced in paragraph 8 of the Complaint; BIA*fn* denies that defendant FCC has legal control over data owned by BIA*fn* which was copyrighted and was accessed and/or used by the FCC pursuant to a license agreement.

5. Defendant BIA*fn* admits that plaintiff submitted a FOIA request to defendant FCC by letter dated August 10, 2006; that request speaks for itself.

6. Defendant BIA*fn* admits that plaintiff modified its FOIA request on or about August 23, 2006; that modification speaks for itself.

7. Defendant BIA*fn* admits that defendant FCC's Media Bureau issued a FOIA decision on January 4, 2007 and provided plaintiff with the records referenced therein.

8. Defendant BIA*fn* admits that defendant FCC's Media Bureau issued a FOIA decision on January 4, 2007; that decision speaks for itself.

9. Defendant BIA*fn* admits that plaintiff submitted an administrative appeal of defendant FCC's FOIA decision to defendant FCC on February 5, 2007.

10. Defendant BIA*fn* admits that defendant FCC has not issued a decision with respect to plaintiff's administrative appeal.

11. Defendant BIA*fn* lacks information sufficient to form a belief with respect to the allegations contained in this paragraph.

12. Defendant BIA*fn* admits that defendant FCC has not issued a decision with respect to plaintiff's administrative appeal. Paragraph 12 is denied to the extent that it implies that defendant FCC has not provided plaintiff with any additional records since January 4, 2007. Defendant FCC provided plaintiff with additional records in late February 2007.

13. Defendant BIA*fn* denies the allegations contained in this paragraph.

The remaining paragraphs, commencing with "WHEREFORE," are plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, defendant BIA*fn* denies that plaintiff is entitled to any relief with respect to data owned by BIA*fn* which was copyrighted and was accessed and/or used by the FCC pursuant to a license agreement. Defendant BIA*fn* specifically denies each and every allegation of the Complaint to the extent that it is not specifically and expressly admitted herein, and further denies that plaintiff is entitled to the relief requested or to any relief whatsoever with respect to data owned by BIA*fn* which was copyrighted and was accessed and/or used by the FCC pursuant to a license agreement.

WHEREFORE, defendant BIA*fn* requests that the Complaint be dismissed with prejudice with respect to data owned by BIA*fn* which was copyrighted and was accessed and/or used by the FCC pursuant to a license agreement, and that the Court grant such other and further relief as the Court may deem just and proper.

May 30, 2008                                Respectfully submitted,


                                            /s/ John H. Korns
                                            John H. Korns          (DC Bar #142745)
                                            BUCHANAN INGERSOLL & ROONEY PC
                                            Suite 300
                                            1700 K Street, NW
                                            Washington, DC  20006-3807

Direct:    (202) 452-7939
General:   (202) 452-7900
Fax:       (202) 452-7989
E-Mail:    john.korns@bipc.com

*Counsel for BIA Financial Network, Inc*

#331527-v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INSTITUTE FOR PUBLIC REPRESENTATION, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION, <br><br> Defendant, <br><br> - and - <br><br> BIA Financial Network, Inc. <br> 15120 Enterprise Court <br> Chantilly, VA  20151 <br><br> Applicant for <br> Intervention as Defendant. | Civil Action No. 07-2092 (JR) |

### CERTIFICATE REQUIRED BY LCvR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA FOR BIA FINANCIAL NETWORK, INC.

I, the undersigned, counsel of record for BIA Financial Network, Inc. ("BIA*fn*") certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of BIA*fn*, Inc., which have any outstanding securities in the hands of the public:

None.

These representations are made in order that judges of this Court may determine the need for recusal

May 30, 2008                          Respectfully submitted,


                                      /s/ John H. Korns
                                      John H. Korns           (DC Bar #142745)
                                      BUCHANAN INGERSOLL & ROONEY PC
                                      Suite 300
                                      1700 K Street, NW
                                      Washington, DC  20006-3807
                                      Direct:   (202) 452-7939
                                      General:  (202) 452-7900
                                      Fax:      (202) 452-7989
                                      E-Mail:   john.korns@bipc.com

                                      *Attorney of Record for BIA Financial Network, Inc.*

#331563-v1